## WAYNE LYNN BRANNON V. STATE

No. 25384. October 3, 1951.
Appellant's Motion for Rehearing Denied November 14, 1951.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) December 12, 1951.

Hon. Joe B. Brown, Judge Presiding.

*Andrew J. Priest, Frank Ivey,* and *D. M. Teague,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Charles S. Potts,* Assistant Criminal District Attorney, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of driving while intoxicated and assessed a penalty of $500.00 fine and two years in jail.

The statement of facts in this case cannot be considered because it is not signed by the judge of the trial court. In the absence of a statement of facts we are unable to appraise the questions presented.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Judge.

The offense is driving while intoxicated; the penalty, two years in jail and a fine of $500.00.

On original submission this case was affirmed because of a defect in the record. This omission has now been cured to our satisfaction.

The only matter presented for review is the alleged error of the trial court in failing to grant a new trial upon newly discovered evidence. This case presents a unique situation in that on the original trial appellant did not avail himself of a jury, and the judge was the trier of the facts as well as the law. The same judge heard the evidence on the motion for new trial. Having failed to grant the same, it follows that he did not believe that the testimony of the newly discovered witness would have changed the result. At the original trial, the state offered the arresting officer, who testified that he arrived at the scene of the wreck and there found the appellant lying near his automobile which had collided with another automobile, resulting in the death of three of the occupants of the second vehicle. He further testified that the appellant was intoxicated and admitted that he was driving his car at the time of the collision and that he had been drinking a quantity of whiskey. The officer further stated that he then carried the appellant to the hospital, duly warned him, secured his consent to the taking of a blood test, and that the same was taken. The blood specimen was properly traced by state witnesses, and it was shown to have contained 2.8 miligrams of alcohol per cubic centimeter. It was further testified to without contradiction by a chemist of the Texas Department of Public Safety that 1.5 milligrams of alcohol per cubic centimeter in his blood would create a condition of intoxication in any person.

The newly discovered witness testified on the motion for new trial that he came upon the scene of the wreck before the arrival of the officer, that he pulled the appellant out of his automobile and did not smell intoxicants on his breath.

In order to determine whether or not the trial court abused his discretion in denying the motion for new trial, we arrive ultimately at the question of whether or not this new evidence, in view of the other evidence in the case, would probably have brought about a different result. In the case at bar we feel that the evidence on behalf of the state was so persuasive of the defendant's guilt, as measured up against the newly discovered evidence, that the court was warranted in finding that its sub-

mission on a new trial would not have brought about a different result.

The motion for rehearing is overruled.